Alvin JORDAN et al., Plaintiffs,

v.

Michael S. WOLKE et al., Defendants.

No. 77–C–81.

United States District Court, E. D. Wisconsin.

Dec. 28, 1978.

---

642

Legal Action of Wisconsin by Patricia D. McMahon, George R. Edgar, Milwaukee, Wis., for plaintiffs.

Robert P. Russell, Corp. Counsel by Gerald G. Pagel, Asst. Corp. Counsel, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the defendants' motion for a stay of the final judgment entered on November 20, 1978. That judgment granted to the plaintiffs injunctive relief as to their claims involving the lack of adequate visitation rights and overcrowding in the county jail in Milwaukee.

■ Rule 62(c), Federal Rules of Civil Procedure, provides that:

"When an appeal is taken from an interlocutory or final judgment granting . . an injunction, the court in its discretion may suspend . . . an injunction during the pendency of an appeal . . ."

In determining whether a stay should be granted, four factors may be considered: (1) the likelihood of the appellant's success on the merits of its appeal, (2) the chance that the appellant will suffer irreparable harm unless the stay is granted, (3) the degree of harm the appellees will suffer if the stay is granted, and (4) whether a stay is compatible with the public interest. *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970).

In weighing these four factors, I find that the balance is a close one. For the reasons stated in my decision and order, dated November 16, 1978, I do not believe that the defendants have demonstrated a substantial likelihood of success on the merits. Moreover, in my judgment, substantial harm befalls pretrial detainees for every day that this court's order is delayed.

■ Nevertheless, I am persuaded that the defendants' motion should be granted. The injunctive relief granted by this court will in effect require the defendants to make substantial expenditures and take other remedial actions within the next sixty days. It is unlikely that the plaintiffs or this court would have any way of compensating the defendants or restoring the status quo should the defendants prevail on their appeal. Thus, the defendants would be effectively denied their right to appeal this case, if their application for a stay is denied.

This stay, as noted, will clearly cause irreparable harm to the plaintiff class. Accordingly, the plaintiffs may see fit to seek from the court of appeals either dissolution of the stay or an expedited hearing on the appeal itself.

Therefore, IT IS ORDERED that the judgment of this court entered on November 20, 1978, be and hereby is stayed pending disposition by the court of appeals for the seventh circuit.